**TAR HEEL ENERGY CORPORATION, et al., Appellants,**

v.

**Melvin MENKING, et al., Appellees.**

No. 1750.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 20, 1981.

Denver E. Perkins, Perkins, Dreyer & Rather, Gonzales, Elizabeth Harris, Houston, Phillips Petroleum Co., for appellants.

Marion J. Borchers, Borchers & Taylor, New Braunfels, for appellees.

OPINION

NYE, Chief Justice.

Melvin C. Menking, Janice Menking, Shelby Baker and Beulah McGill (plaintiffs hereinafter) filed suit against Henry B. Kelsey, James P. S. Griffith, Fay W. Griffith, Phillips Petroleum Co., Tar Heel Energy Corporation, Geological Research Corporation and American Petrofina Company of Texas (defendants hereinafter) for damages for defendants' failure to drill an offset well under an oil, gas and mineral lease. Defendants answered by way of general denial and sought an extension of the primary term of the lease. Although there was but one trial, the plaintiffs and defendants have perfected separate appeals which we treat in separate opinions handed down this same day. See: *Menking v. Tar Heel Energy Corporation,* 621 S.W.2d 447.

The interests of the parties to the oil, gas and mineral lease is as follows: Shelby Baker is the original lessor, and Geological Research is the original lessee. After this lease was in effect, Shelby Baker conveyed a portion of the land to his daughter and son-in-law, Janice and Melvin C. Menking. The Menkings ratified the lease and adopted the terms of the lease in October, 1975. By various transfers of title, the original lessee, Geological Research, assigned, transferred and conveyed part of its right, title and interest in said lease to the other defendants named in the suit. Beulah McGill, the former wife of Shelby Baker, owns an undivided royalty interest in the lease.

The original lease, which was ratified by all interested parties, was for a primary term of five years or for so long thereafter as oil, gas and other minerals were produced from the land. The primary term of the lease began on June 26, 1974, and was to end on June 26, 1979. Defendants tendered all of the delay rentals timely, and such

payments were accepted by plaintiffs until June, 1978. The plaintiffs refused the June delay rental check and repudiated the lease. In July, 1978, plaintiffs brought this cause of action.

Defendants, in their separate appeal, contend that the trial court erred in 1) cancelling the lease during the primary term, since the trial court decreed that the defendants were not in breach of any obligation, and 2) in refusing to extend the primary term of the oil, gas and mineral lease for a period of time beginning with the rejection of the delay rentals on June 26, 1978, and ending when this litigation is finally concluded. Both points of error are well taken.

 The trial court specifically found, and the evidence supports such finding, that defendants did not breach any of their obligations under the lease. It is settled law that repudiation of a lease by the lessor relieves the lessee from any obligation to conduct any operations on the land in order to maintain the lease in force pending the judicial controversy between lessee and lessor over the validity of the lease. *Kothmann v. Boley*, 158 Tex. 56, 308 S.W.2d 1 (1957); *Morgan v. Fox*, 536 S.W.2d 644 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.); *Casey v. Western Oil & Gas, Inc.*, 611 S.W.2d 676 (Tex.Civ.App.—Eastland 1980, writ ref'd n. r. e.). Lessors who, as here, wrongfully repudiated the lessees' title by unqualified notice that the lease has been terminated cannot complain if the lessee suspends operations under the contract pending determination of the controversy. The lessors may not profit by their own wrong. See: *Kothmann v. Boley*, supra.

We hold that the judgment of the trial court should be reversed and judgment here rendered that defendants' lease shall remain in full force and effect for a term of one year (the same being the one year left under the primary term), and as long thereafter as oil, gas and all other minerals are produced from the land thereunder; that this one-year term shall begin when this judgment becomes final; that the delay rentals that may become due under the

lease shall commence thirty days after this judgment becomes final; and that the end of such period of one year shall be deemed the end of primary term for all purposes.

The judgment is affirmed in part and reversed and rendered in part. All costs are rendered against the plaintiffs.