**CHEYENNE RESOURCES, INC., Appellant,**

v.

**Darrell CRISWELL, Freda Criswell, and Elsie Criswell, Appellees.**

**No. 11–86–047–CV.**

Court of Appeals of Texas, Eastland.

July 10, 1986.

Richard J. Roach, Law Offices of Richard J. Roach, P.C., Breckenridge, for appellant.

William B. Wright, Jr., Cisco, Charles Scarborough, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellees.

OPINION

RALEIGH BROWN, Justice.

Darrell Criswell, Freda Criswell, and Elsie Criswell sued Cheyenne Resources, Inc. seeking a declaration that an oil and gas lease had expired due to the failure of Cheyenne to commence drilling operations prior to the expiration of its primary term. Based on answers to special issues, judgment was entered declaring that the lease had expired, that the Criswells take nothing against Cheyenne, and that Cheyenne take nothing against the Criswells. Cheyenne appeals. We reverse and render.

Cheyenne urges a single point of error basically contending that:

The trial court erred in refusing to grant Appellant's Motion to Disregard Finding on Special Issue and for Judgment and in granting judgment for Appellees declaring that the oil and gas lease in favor of Appellant had expired, for the reason that the uncontroverted evidence establishes as a matter of law that the actions of Appellees constituted "repudiation" of Appellant's title to its oil and gas lease....

The lease at issue had a primary term of one year which expired on February 7, 1984. The jury determined that Cheyenne

did commence a well on the property on or before February 7, 1984, and was engaged in drilling operations on February 7, 1984. It also found that drilling operations ceased on March 17, 1984. The jury determined that title to the lease held by Cheyenne was not repudiated and that the Criswells were not entitled to damages.

The uncontroverted testimony established that on March 14 or 15, 1984, Darrell Criswell posted a sign on the gate to the leased premises notifying Cheyenne Resources or its assignees that its oil and gas lease had expired with instructions to contact the Sheriff of Eastland County. Darrell Criswell testified concerning the sign as follows:

Q. Now, in regard to the testimony of Mr. Medford that you put up your sign on the 15th—All right, let's see, the 14th. Would that have been the first sign or the second sign?

A. That was the first sign.

Q. Okay, but you had signs up continuously after that?

A. Yes.

Q. Okay, and the signs said the same thing?

A. Yes.

Q. Was it your intention by putting that sign up and by the language written on the sign to convey to Cheyenne Resources uncategorically that they had no more rights in your lease?

A. No, what I wanted, what I meant for it to say was that the lease had just expired.

Q. All right, what do you mean by expired as opposed to no further rights?

A. Do what, now?

Q. Well, when something expires it is no longer there. It is gone, so it is safe to say that by saying that lease expired, that you considered that Cheyenne had no more rights to come on your place and they had no more rights under the lease?

A. Yes, yes.

Q. And, you intended to convey that thought to them, did you not?

A. Yes.

Q. Now, you have testified earlier, too, that after the date that you put the signs up on the 15th, or pardon me the 14th of March, and after that point in time, that you were—You received a letter from Cheyenne on the 21st of March, 1984; is that a true statement?

A. Yes.

Q. What was the substance of that letter?

A. Oh, I can't remember exactly, something to do with, I believe I have it there with me.

Q. Well, I don't need the letter itself. I just wanted to know. Did, by the letter that you received, did that indicate to you that your—That you had conveyed or that Cheyenne had received your intention that they understand that their lease had expired?

A. Yes, because the best I understood, the letter was that they was wanting us to sign and mail it back to them to give them the right to come back in.

Q. Okay, so there is no doubt in your mind that the thoughts that you were intending to convey were in fact conveyed?

A. Well, yeah, I guess they were.

The Criswells do not challenge the jury's findings that Cheyenne was engaged in drilling operations on February 7, 1984, and ceased on March 17, 1984. Cheyenne argues that since it was engaged in drilling operations on the last day of the primary term and had so continued until notification of the expiration of the lease by the Criswells, it was excused in suspending its operations until such time as the title issue was settled. Cheyenne contends that the action of Darrell Criswell in posting the sign containing specific language addressed to it at the entrance to the lease at a time when their oil and gas lease was

valid and subsisting conclusively establishes "repudiation" of the oil and gas lease by the Criswells.

The Court in *Triton Oil and Gas Corporation v. Marine Contractors and Supply, Inc.,* 644 S.W.2d 443 (Tex.1982), said:

> An issue is conclusively established when the evidence is such that there is no room for ordinary minds to differ as to the conclusion to be drawn from it. *Joske v. Irvine,* 91 Tex. 574, 44 S.W. 1059, 1063 (1898); 3 R. McDonald, Texas Civil Practice sec. 12.08, at 294 (Rev. ed. 1970).

■ It is well settled that repudiation of a lease by a lessor relieves the lessee from any obligation to conduct any operation on the land in order to maintain the lease in force pending a judicial resolution of the controversy between the lessee and lessor over the validity of the lease. *Kothmann v. Boley,* 158 Tex. 56, 308 S.W.2d 1 (1957); *NRG Exploration, Inc. v. Rauch,* 671 S.W.2d 649 (Tex.App.—Austin 1984, writ ref'd n.r.e.); *Tar Heel Energy Corporation v. Menking,* 621 S.W.2d 450 (Tex.Civ. App.—Corpus Christi 1981, no writ).

The doctrine of repudiation is a variation of the doctrine of estoppel. *Kothmann v. Boley,* supra; *Atlantic Richfield Company v. Hilton,* 437 S.W.2d 347 (Tex.Civ.App. —Tyler, writ ref'd n.r.e.), *cert. denied,* 396 U.S. 905, 90 S.Ct. 221, 24 L.Ed.2d 182 (1969). For the doctrine to apply, the court in *Adams v. Cannan,* 253 S.W.2d 948 (Tex. Civ.App.—San Antonio 1952, writ ref'd), stated that:

> [I]t is necessary that the lease be subsisting and that the notice of claim asserted against it be a clear, unequivocal challenge to the lessee's title in and to his interest created by the lease. The doctrine applies when the lessor takes the position and makes the same known to the lessee (or his assignees), that he, the lessor, is the owner of the property to the exclusion of all rights formerly held or claimed by the lessee.

■ In the instant case, the jury concluded that the lease was subsisting at the time that Criswell posted the notice to Cheyenne that the lease had expired. Through such notice, Criswell made known to Cheyenne, by a clear unequivocal challenge, that he claimed ownership of the leasehold rights to the exclusion of all leasehold rights claimed by Cheyenne. We hold that the evidence conclusively established that Criswell repudiated the oil and gas lease in favor of Cheyenne. The point of error is sustained.

The judgment is reversed, and judgment is rendered that the oil and gas lease dated February 7, 1983, in favor of Cheyenne Resources, Inc., the subject of this suit, is valid and subsisting and is in full force and effect for a 60–day period after all litigation herein becomes final to enable Cheyenne to perform operations necessary to extend the lease beyond the primary term.[1]

1. The 60–day period appears to be a reasonable time in view of provisions of the lease.