Circle X v. Cago Inc
















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-00029-CV

Â Â Â Â Â CIRCLE X LAND AND CATTLE CO.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â CAGO INC.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 361st District Court
Brazos County, Texas
Trial Court # 53586
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â This is a dispute between the surface owner of land and the operator of two wells. 
Because we find that the trial court erred in entering an order allowing the operator 120 days to 
remove equipment and plug the wells, we will reverse it and render an order denying the
operator the relief requested.
Â Â Â Â Â Â Circle X Land and Cattle Co. Ltd. owns property in Brazos County, on which CAGO,
Inc. was the operator of wells known as the Burkhart #1 and Burkhart B. Circle X sought a
judicial determination that the oil and gas lease covering the property had expired. On
September 10, 2002, the trial court signed an order granting Circle Xâs motion for a partial
summary judgment, which declared that the lease had terminated on November 15, 2001, due
to the non-payment of the minimum royalty required by the lease. CAGO then filed a motion
for partial summary judgment seeking access to the property and the right to plug the two wells
and remove its personal property. On January 10, 2003, the court signed an order granting
that motion and allowing CAGO 120 days from the date of the order to remove the property
and plug and abandon the wells. These matters were severed from other claims in the suit, and
Circle X appealed from the latter order.
Â Â Â Â Â Â The order declaring the lease to have terminated is not in dispute. The dispute is centered
on whether the court erred in allowing 120 days from the date of its order rather than 120 days
from the date the lease terminated. 
Â Â Â Â Â Â Paragraph 15 of the lease provides generally that within 120 days after abandonment of
any well, the lessee shall remove its equipment, restore the land, and plug that well. Within
120 days after expiration of the lease, the lessee shall perform all those obligations that have
not been performed previously.
Â Â Â Â Â Â Using general contract principles, Circle X says that the court should enforce the contract
as written and not make a new or different contract for the parties. CAGO, on the other hand,
points to authority allowing a suspension of operations until a determination of the
controversy, when a lessor gives unqualified notice to the lessee that the lease has terminated. 
Repudiation of a lease by a lessor relieves the lessee from any obligation to conduct any
operation on the land in order to maintain the lease in force while a judicial resolution of the
controversy between the lessee and lessor over the validity of the lease is pending. 
Exploracion De La Estrella Soloataria Incorporacion v. Birdwell, 858 S.W.2d 549, 554 (Tex.
App.âEastland 1993, no writ) (citing Kothmann v. Boley, 158 Tex. 56, 308 S.W.2d 1, 4
(1957), and Cheyenne Resources, Inc. v. Criswell, 714 S.W.2d 103, 105 (Tex. App.âEastland
1986, no writ)). The doctrine of repudiation is a variation of the doctrine of estoppel. Id.
(citing Kothmann, 308 S.W.2d at 4). However, the Eastland Court also noted:
. . . , for the doctrine of repudiation to apply, the lease must be subsisting. Cheyenne
Resources, Inc. v. Criswell, supra. We have previously held that there is sufficient
evidence to support the trial court's findings that the leases terminated under their own
terms 60 days after May 20, 1988, and September 14, 1989. The trial court found that
both leases had terminated prior to June 18, 1990, the date appellants received appellees'
demand letter. Because the leases had already terminated, an excuse of performance
because of the repudiation on June 6, 1990, would not perpetuate the leases.

Id. Here, the lease provides for termination under the minimum royalty provision âupon
notice from the Lessor.â Circle X notified CAGO on November 15, 2001, that the lease was
terminated under that provision, and the trial court ultimately signed an order declaring that it
had terminated on that date. We will follow the Eastland Court and hold that Circle Xâs notice
of termination did not perpetuate the lease. CAGO also points to Cheyenne Resources as
authority for allowing 120 days after the courtâs order, but there the jury found that the lease
had not terminated. Cheyenne Resources, 714 S.W.2d at 105. Because the lease had not
terminated, the court utilized a 60-day provision of the lease to allow the lessee to continue
operations.
Â Â Â Â Â Â Because of the courtâs finding that the lease had terminated, we find ourselves in
agreement with Circle X. No one claims that the language of the lease is ambiguous. Thus,
the court should not have allowed 120 days from the date of its order for CAGO to remove its
property and plug the wells, but should have enforced the lease as written. See Heritage
Resources, Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex. 1996) (court will enforce the
unambiguous document as written). We reverse the âOrder Granting Partial Summary
Judgment to Defendant Cago, Inc.â signed on January 10, 2003,


 and render an order denying
the relief requested in CAGOâs motion for summary judgment filed on September 3, 2002.



Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Gray,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Reyna
Reversed and order rendered
Opinion delivered and filed June 23, 2004
[CV06]



pan>

(2)Â Â 
at or in the
direction of one or more individuals.

Â 

See Tex. Pen. Code Ann.
§ 22.05(b)(1) (Vernon 2003).

Â Â Â Â Â Â Â Â Â Â Â  Wilkerson argues that he was
entitled to the requested instruction because Officer SandlinÂs testimony about
the threat he posed to the officers constitutes evidence on which a rational
jury could have relied to find that he was guilty only of deadly conduct
because he did not threaten the officers.Â  See Smith, 297 S.W.3d at
275.

Â Â Â Â Â Â Â Â Â Â Â  The first three counts of
the indictment each included the descriptive averment that Wilkerson discharged
a firearm in the complainantÂs direction as the manner and means of committing
the offense of aggravated assault.Â  This descriptive averment is identical to
the statutory elements for deadly conduct.Â  Therefore, under this indictment,
deadly conduct is a lesser-included offense of aggravated assault by threat
under article 37.09(1).[2]Â 
See Watson, 306 S.W.3d at 273; Rice v. State, 305 S.W.3d 900,
906-07 (Tex. App.ÂDallas 2010,
pet. granted) (reckless driving is lesser-included offense of aggravated
assault by threat); Brown v. State, 183 S.W.3d 728, 732-33 (Tex.
App.ÂHouston [1st Dist.] 2005, pet. refÂd) (same). Â But see Rogers v.
State, 38 S.W.3d 725, 727-28 (Tex. App.ÂTexarkana 2001, pet. refÂd).[3]

Â Â Â Â Â Â Â Â Â Â Â  The second step of our
inquiry requires us to determine whether there is Âsome evidence in the record that would
permit a rational jury to find that if the defendant is guilty, he is guilty
only of the lesser-included offense.ÂÂ  Smith, 297 S.W.3d at 275.Â  Â[I]t
is not enough that the jury may disbelieve crucial evidence pertaining to the
greater offense, but rather, there must be some evidence directly germane to
the lesser-included offense for the finder of fact to consider before an
instruction on a lesser-included offense is warranted.ÂÂ  Grey v. State,
298 S.W.3d 644, 653 n.11 (Tex. Crim. App. 2009) (quoting Hampton v. State,
109 S.W.3d 437, 441 (Tex. Crim. App. 2003)).

Â Â Â Â Â Â Â Â Â Â Â  Wilkerson contends that,
based on Officer SandlinÂs testimony, a rational jury could have found that his
act of shooting in the direction of the officers did not threaten them with
imminent bodily injury.Â  We disagree.Â  Officer Sandlin testified that the
officers Âwere in dangerÂ when Wilkerson shot in their direction.Â  The jury
would have to disbelieve Officer SandlinÂs testimony that the officers were in
danger before it could find Wilkerson guilty of only deadly conduct.Â  This is
not a sufficient evidentiary basis on which to support a request for a
lesser-included offense.Â  See
id.Â  Accordingly, the
court did not err by failing to submit the requested charge on the
lesser-included offense.

Â Â Â Â Â Â Â Â Â Â Â  WilkersonÂs second issue is
overruled.

We affirm the judgment.

Â 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed September 1, 2010

Do not publish

[CRPM]









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The State argues
that WilkersonÂs first issue is moot because the jury convicted him of a
lesser-included offense.Â  We disagree.Â  For either the charged offense or the
lesser-included offense, the jury had to find that Wilkerson intentionally or
knowingly threatened Havens with imminent bodily injury.





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Article 37.09(1)
provides, ÂAn offense is a lesser included offense if . . . it is established
by proof of the same or less than all the facts required to establish the commission
of the offense charged.ÂÂ  Tex. Code
Crim. Proc. Ann. art. 37.09(1) (Vernon 2006).

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  





[3]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The facts of Rogers
appear close to the facts in WilkersonÂs case.Â  See Rogers v. State,
38 S.W.3d 725, 727 (Tex. App.ÂTexarkana 2001, pet. refÂd).Â  But Rogers
was decided before the Court of Criminal Appeals clarified that Âdescriptive
averments, such as non-statutory manner and meansÂ must be considered in the
lesser-included analysis.Â  See Ex parte Watson, 306 S.W.3d 259,
273 (Tex. Crim. App. 2009) (per curiam) (op. on rehÂg).

Â