**M. C. ZAPATA, Appellant,**

v.

**Salvador TORRES, individually and as Executor of the Estate of Angel Monta Garcia, Appellee.**

**No. 17582.**

Court of Civil Appeals of Texas, Dallas.

Feb. 26, 1971.

Rehearing Denied March 26, 1971.

**928**

Robert E. Burns, Jack H. Davis, Burford, Ryburn & Ford, Dallas, for appellant.

Windle Turley, McKool, McKool, Jones & Shoemaker, Dallas, for appellee.

GUITTARD, Justice.

This suit was filed by Salvador Torres as executor and devisee under the will of Angel Garcia to cancel a deed executed by Garcia in favor of M. C. Zapata and Jerry Ray Zapata. The facts are undisputed and are stated in the pleadings.

On May 15, 1962, Garcia executed the deed in question conveying a house and lot to the Zapatas. The consideration recited is ten dollars paid and the assumption and agreement by grantees to pay "as same shall become due and payable" one certain promissory note of the same date in the principal sum of $4,100 executed by Garcia and payable to Oak Cliff Bank & Trust Company on or before six months after date. No express vendor's lien is reserved, and printed language reserving a vendor's lien has been stricken out, but there is a recitation that Garcia's note to the bank is secured by a deed of trust to J. Willard Gragg, trustee. The deed also reserves to Garcia a life estate.

On July 29, 1962, several months before the note became due, Garcia paid it in full. The record does not show the circumstances of this payment or shed any light on Garcia's reasons for making this payment. Garcia continued to occupy the property until his death in May, 1969. Torres, who had been living with Garcia, is Garcia's executor and sole beneficiary in his will. When the Zapatas sought to obtain possession by forcible detainer proceedings, Torres filed this suit in the district court to cancel the deed. The Zapatas counterclaimed for title and possession. Both parties moved for summary judgment on the pleadings. The trial court sustained Torres' motion and rendered judgment canceling the deed. The Zapatas appeal.

By their first point the Zapatas contend that the trial court erred in rendering summary judgment canceling the deed because cancellation is not the proper remedy for enforcement of a purchase-money obligation. This point is sustained.

It has long been established by Texas decisions that where a vendor reserves in his deed an express vendor's lien to secure unpaid purchase money, the contract is executory for some purposes, and superior title remains in the vendor until the purchase money is paid. On the purchaser's default, the vendor has his choice of a variety of remedies. He may sue for his money and to foreclose the lien, or he may rescind the contract and resume possession, or he may recover title and possession in a suit brought for that purpose. Whiteside v. Bell, 162 Tex. 411, 347 S.W. 2d 568 (1961) ; Johnson v. Smith, 115 Tex. 193, 280 S.W. 158 (1926) ; 58 Tex.Jur.2d, § 261, p. 483 et seq.; 59 Tex.Jur.2d, § 490, p. 39. Where the purchase money is not paid, but no express lien is reserved in the deed, the vendor has an implied equitable lien which may be established and foreclosed in a suit brought for that purpose. Briscoe v. Bronaugh, 1 Tex. 326 (1846) ; White v. Downs, 40 Tex. 225, 226 (1874) ; 58 Tex.Jur.2d § 335, p. 575 et seq. Such an equitable lien may arise from the purchaser's assumption of the vendor's indebtedness to a third party. Gonzalez v. Zachry, 84 S.W.2d 855 (Tex.Civ.App., San Antonio 1935, writ ref'd) ; Hable v. Owens, 287 S.W. 155 (Tex.Civ.App., Eastland 1926, no writ). However, the holder of such an equitable lien has no superior title, and has no right to rescind the sale and recover the land, since the deed passes full title and the transaction can no longer be

considered executory. Ransom v. Brown, 63 Tex. 188, 189 (1885); White v. Downs, 40 Tex. 225, 226 (1874); Huddle v. Cleveland, 297 S.W.2d 737 (Tex.Civ.App., San Antonio 1957, writ ref'd n.r.e.); 58 Tex. Jur.2d, § 261, p. 483; 59 Tex.Jur.2d, § 490, p. 38. Moreover, assumption by the purchaser of the vendor's indebtedness to a third party does not invoke the superior title doctrine, and even if such indebtedness is secured by an express lien created in some other contract, and the vendor is required to pay the indebtedness on the purchaser's default, the vendor has no right to rescind, nor is he subrogated to the superior title of a previous vendor, but he is limited to recovery of the amount paid and foreclosure of his lien. Rhiddlehoover v. Boren, 260 S.W.2d 431 (Tex.Civ.App., Texarkana 1953, no writ).

■ Assuming that Garcia had an equitable vendor's lien upon his payment of the note to the bank (though we do not so hold for reasons to be discussed later), it is clear under the above authorities that his remedy was an action for recovery of the amount he had paid and to establish and foreclose such lien, rather than action to cancel the deed, and Torres, as his successor, has no greater rights.

■ ■ Torres seeks to uphold the summary judgment in his favor on the alternative ground that the provision of the deed by which the Zapatas assumed Garcia's note to the bank is "couched in language making it a condition subsequent," and that the Zapatas' failure to pay the note was a breach of such condition, which gave Torres as Garcia's successor the right to recover the land. The only authorities he cites are cases holding that in determining whether a provision in a deed amounts to a condition precedent or a condition subsequent, the intention of the parties is controlling, and if there is doubt as to whether the condition is precedent or subsequent, such a provision will be construed as a condition subsequent. City of Dallas v. Etheridge, 152 Tex. 9, 253 S.W.2d 640

(1953); Hudson v. Caffey, 179 S.W.2d 1017 (Tex.Civ.App., Texarkana 1944, writ ref'd). Here we have a different question. We must decide whether the Zapatas' agreement to pay the note was a condition affecting the estate conveyed or a covenant for breach of which only an action for damages will lie. Since forfeiture of an estate for breach of a condition subsequent is not favored by the courts, a promise of the grantee will be construed as a covenant rather than as a condition unless a conditional estate is clearly and unequivocally revealed by the language of the instrument, and recitation of the grantee's promise as consideration for the conveyance does not in itself indicate an intention to convey a conditional estate. Sirtex Oil Industries, Inc. v. Erigan, 403 S.W.2d 784 (Tex.Sup.1966); Hearne v. Bradshaw, 158 Tex. 453, 312 S.W.2d 948 (1958); Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472 (1892).

■ Here the Zapatas' agreement to assume the note is not "couched in language making it a condition subsequent," since it contains no language reserving to Garcia the right to terminate the estate for failure of the Zapatas to pay Garcia's note to the bank, or any other indication of an intention to convey a conditional estate. We hold that such agreement was a covenant rather than a condition and that the only remedy for its breach is an action for damages.

By their second point the Zapatas contend that the trial court erred in overruling their motion for summary judgment and in failing to award them title and possession of the property on their counterclaim. This point also is sustained.

■ Since Torres is not entitled to cancellation of the deed for reasons already stated, the Zapatas are entitled to rely on that deed in support of their counterclaim. From Torres' pleadings it appears that Garcia is the common source of title, that he conveyed the property to the Zapatas by the deed in question, reserving a life estate,

and that Garcia is dead. These admitted facts establish prima facie the Zapatas' title and right of possession. Torres contends that Garcia retained an equitable vendor's lien and was subrogated to the bank's right as mortgagee when he paid the note. Consequently, Torres says that he, as Garcia's successor, has the right of a mortgagee in possession to retain possession until the Zapatas pay him the amount Garcia paid to the bank with interest, even though a suit for the money may be barred by limitations.

■ ■ Although the deed recites that Garcia's note to the bank was secured by a deed of trust to J. Willard Gragg, trustee, it does not show whether such deed of trust covers the property in question or some other land, and the deed of trust is not in the record. We agree that where a purchaser assumes his vendor's debt to a third party and defaults so that the vendor has to pay ·the debt himself in order to protect his interest, the vendor is subrogated to the lien securing such debt. However, even if we assume that the deed of trust covered the property in question, there is no evidence of the Zapatas' failure or refusal to pay, or that any payment was demanded of them, either by the bank or by Garcia. It is undisputed that there was no default by the Zapatas in their agreement to pay the note "as same shall become due and payable," since Garcia paid it more than three months before it was due. His reason for paying is unexplained, but the record affirmatively shows that he was not required at that time to make such payment to protect his interest. Under such circumstances, there was no subrogation. Pinkston v. Pinkston, 266 S.W.2d 515 (Tex.Civ.App., Waco 1954, writ ref'd n.r.e.); Small v. Brooks, 163 S.W.2d 236 (Tex.Civ.App., Austin 1942, writ ref'd w. o. m.); Ramey v. Cage, 90 S.W.2d 626 (Tex. Civ.App., Eastland 1935, no writ).

■ ■ Torres argues the principles of subrogation and equitable vendor's lien as if they were the same, but they arise from separate circumstances. If Garcia were subrogated to a contract lien created by the deed of trust, then there would be no reason to rely upon an equitable vendor's lien, which arises from nonpayment of a purchase money obligation when no other security is provided. The fact that the note in question was secured by a deed of trust, whether on this property or some other, together with the circumstance that the parties struck out of the deed printed language concerning reservation of a vendor's lien, affirmatively shows the parties' intention to rely solely upon the security provided by the deed of trust. Under such circumstances no equitable vendor's lien arises. The function of an implied equitable lien is to enforce a purchase money obligation not otherwise secured. White v. Downs, 40 Tex. 225, 226, 231 (1874). Numerous authorities support the rule that where the vendor takes a mortgage on the land sold or on other property to secure part of the purchase money, he is presumed to have waived his equitable lien in the absence of affirmative evidence that he intended to retain it, since it is reasonable to suppose that where the parties specify the security by express agreement, they must have intended to exclude an implied lien. Cresap v. Manor, 63 Tex. 485 (1885); Flanagan v. Cushman, 48 Tex. 241 (1877); Dyson v. Dysart, 250 S.W. 716 (Tex.Civ.App., Amarillo 1923, no writ); Noblett v. Harper, 136 S.W. 519 (Tex. Civ.App., Texarkana 1911); Avery v. Clark, 87 Cal. 619, 25 P. 919, 22 Am.St. Rep. 272 (1891); Gruss v. Miskinis, 130 Conn. 367, 34 A.2d 600 (1943); 55 Am. Jur., § 475, p. 875; 92 C.J.S., Vendor and Purchaser § 411, pp. 355–359; 58 Tex.Jur. 2d, § 366, p. 605.

■ According to the recitations in the present deed, the only purchase money obligation assumed by the Zapatas was payment of Garcia's note to the bank, which was secured by a deed of trust on this property or some other. Presumably, under the above decisions, this was the only security intended. Since Garcia was not subrogated to the bank's express lien under

the deed of trust, as we have held, neither is there any reason to hold that he was entitled to an implied equitable lien.

■ ■ There is another reason why Torres cannot claim the rights of a mortgagee in possession. It is not enough to show that a party has a lien on the land and that he obtained possession peaceably in order to have the right to hold the land for satisfaction of a debt. He must be in possession lawfully. Ordinarily the mortgagor has the right to possession, and is entitled to use the property to obtain revenue to pay the debt. For a mortgagee to be in possession lawfully he must take possession under some claim of right other than the lien, such as a void or irregular foreclosure sale, or the express or implied agreement of the mortgagor. Robinson v. Smith, 133 Tex. 378, 128 S.W.2d 27 (1939, answering certified questions); see also opinion of Court of Civil Appeals, per Alexander, J., in Robinson v. Smith, 130 S.W.2d 381 (Tex.Civ.App., Waco 1937, writ ref'd).

■ Upon execution of the deed, Garcia retained possession as life tenant rather than as mortgagee. On his death, his life estate terminated, and Torres had no right of possession either as his executor or as his devisee. It is immaterial that Torres had been living on the land with Garcia. Upon Garcia's death the right of possession vested immediately in the Zapatas as remaindermen under the deed. Thus, even if we assume that Torres had some kind of lien on the property, he had no right to possession as against the Zapatas, but was limited to an action to enforce such lien.

Our holding that the Zapatas' motion for summary judgment should have been sustained does not end the suit. That motion is for partial summary judgment only. The Zapatas still have a claim for damages for withholding possession, and Torres has a claim in his trial amendment for the money Garcia paid the bank and interest, to which no defenses have been specifically pleaded. Our duty under Tex.R.Civ.P. 434 is to render the judgment which the trial court should have rendered. Accordingly, the judgment in favor of Torres is reversed and partial summary judgment is rendered on the Zapatas' counterclaim for title and possession, and the cause is remanded to the district court for further proceedings.

Reversed and rendered in part and reversed and remanded in part.