Joe LOPEZ, Appellant

v.

VEHICLE REMOVAL CORPORATION, Appellee.

No. 05–05–01491–CV.

Court of Appeals of Texas, Dallas.

June 5, 2007.

---

Joyce W. Lindauer, Attorney At Law, Dallas, for Appellant.

James C. Mosser, Byron Kevin Henry, Mosser Mallers, PLLC, Dallas, for Appellees.

Before Justices MORRIS, WRIGHT, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

Joe Lopez appeals a take-nothing summary judgment on his claims for breach of contract and fraud against Vehicle Removal Corporation ("VRC"). In three issues, Lopez argues the trial court erroneously granted the summary judgment on both the breach-of-contract and fraud grounds, and that the trial court erroneously sustained objections to his summary judgment evidence. We affirm the trial court's judgment.

In an earlier lawsuit, Lopez represented a client in an action against VRC. In the course of that action, VRC obtained a sanctions award against Lopez for $12,000 for filing frivolous pleadings. When VRC initiated collection proceedings on the judgment, Lopez declared bankruptcy. VRC challenged Lopez's discharge from the $12,000 debt. During this time period, unbeknownst to Lopez, VRC was reorganized and—as part of the sale of VRC's assets—the Lopez judgment was transferred to the individual principals of the new VRC. VRC prevailed in the bankruptcy court and some months later, the parties entered into a settlement agreement and release (the "Release"). As a result, the bankruptcy and all related cases in state court were dismissed. Lopez, however, continued to prosecute an appeal of the bankruptcy order denying discharge,[1] and VRC filed pleadings in opposition to that appeal. Lopez viewed this opposition

---

1. Lopez avers that he "continued to prosecute his appeal of the Section 727 Judgment of the Bankruptcy Court to the District Court in an effort to reverse what [he] claimed was an erroneous ruling and in an effort to clear his name."

as a violation of the Release, and he filed this suit in state court to complain of that claimed breach. During the course of discovery, Lopez learned the judgment was no longer owned by the original VRC and that it had been owned by the principals of the reorganized VRC during the pendency of the federal appeal. Believing he had been intentionally mislead, Lopez added a claim for fraud against VRC.[2]

Eventually, VRC filed a no-evidence motion, positing that Lopez could not produce competent evidence of certain elements of his breach of contract claim, i.e., a valid enforceable contract (including six separate sub-elements), privity between Lopez and VRC, breach of any contract by Lopez, or injury caused by such a breach. Likewise, the motion challenged Lopez's ability to come forward with evidence of elements of his fraud claim, i.e., a material representation, that was false, made knowingly or recklessly by VRC, VRC intended Lopez to rely on the misrepresentation, Lopez acted in reliance on the misrepresentation, or such action in reliance caused Lopez injury. The trial court granted the motion on both the breach of contract and fraud grounds. Lopez appeals.

When a party moves for summary judgment under rule 166a(i), asserting that no evidence exists as to one or more elements of a claim on which the nonmovant would have the burden of proof at trial, the burden is on the nonmovant to present enough evidence to raise a genuine issue of material fact on each of the challenged elements. TEX.R. CIV. P. 166a(i); *Gen. Mills Rest., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827,

832 (Tex.App.-Dallas 2000, no pet.). If the nonmovant fails to do so, the trial judge must grant the motion. *Id.*

■ In his first two issues, Lopez argues he produced sufficient evidence to raise material issues of fact on all challenged elements of his two claims. In his third issue, Lopez complains the trial court erroneously struck portions of his summary judgment evidence. The court struck certain categories of evidence from Lopez's own affidavit, sustaining objections "as to any agreement involving Vehicle Removal Corp., as to the Bill of Sale and Agreement and as to hearsay." The court also struck entire paragraphs of testimony from the affidavits of the three individual principals of the new VRC and the attorney who negotiated the Release with Lopez. For purposes of this appeal, however, we need not evaluate the trial court's evidentiary rulings because, even if we consider all the evidence Lopez offered, that evidence is insufficient to raise a material issue of fact on the element of damages for both claims.

■ For both claims, Lopez argues he was entitled to a single measure of damages: the $25,000 he spent on attorney's fees in his appeal of the bankruptcy order in federal court.[3] This Court, however, has consistently refused to allow attorney's fees expended in an earlier lawsuit to be recovered as damages in a subsequent suit. *City of Garland v. Booth,* 895 S.W.2d 766, 771–72 (Tex.App.-Dallas 1995, writ denied); *see also El Dorado Motors, Inc. v. Koch,* 168 S.W.3d 360, 366 (Tex.App.-Dal-

---

2. Lopez lists his claims as breach of contract, fraud, and misrepresentation. In this case, it is clear the fraud and misrepresentation claims are one and the same. Both parties address the claims as equivalent in their briefing, and we shall as well.

3. In his pleading, Lopez also sought mental anguish damages, but he makes no argument for those damages on appeal. Nor does any

of the summary judgment evidence, either directly or by inference, support a claim for mental anguish damages. *See Parkway Co. v. Woodruff,* 901 S.W.2d 434, 444 (Tex.1995) (plaintiff seeking mental anguish damages must introduce direct evidence of nature, duration, and severity of anguish, establishing substantial disruption in his daily routine).

las 2005, no pet.); *Peterson v. Dean Witter Reynolds, Inc.*, 805 S.W.2d 541, 549 (Tex. App.-Dallas 1991, no writ).[4] The fundamental rule is that a party cannot recover attorney's fees from an opposing party unless the recovery is permitted by statute or by agreement between the parties. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex.1999). Neither is the case here. Because the summary judgment record contains no evidence of any recoverable damages sustained by Lopez, the trial court correctly granted summary judgment on Lopez's claims. *See City of Garland*, 895 S.W.2d at 772 (where damage element of malpractice claim failed as matter of law, trial court did not err in granting summary judgment on claim). We decide Lopez's first two issues against him.

We affirm the judgment of the trial court.

---

**4.** Some of our sister courts have occasionally permitted recovery of attorney's fees as an element of damages under equitable principles. The first statement of this equitable exception to the general rule is found in *Baja Energy, Inc. v. Ball*, 669 S.W.2d 836, 839 (Tex.App.–Eastland 1984, no writ). This Court has expressly declined to follow *Baja Energy*. *Peterson*, 805 S.W.2d at 549.