AMC MORTGAGE SERVICES, INC., Ameriquest Mortgage Company, and Ameriquest Mortgage Securities, Inc., Appellants

v.

Benny and Latrasa WATTS and Argent Mortgage Company, LLC, Appellees.

No. 05–07–00874–CV.

Court of Appeals of Texas, Dallas.

July 14, 2008.

Rodney L. Hubbard, Blanscet Sutherland Hooper & Hale, L.L.P., Addison, for Appellants.

Jadd F. Masso, Strassburger & Price, LLP, Dallas, for Appellees.

Before Justices RICHTER, LANG, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

AMC Mortgage Services, Inc., Ameriquest Mortgage Company, and Ameriquest Mortgage Securities, Inc. appeal the trial court's denial of their motion for summary judgment and the granting of the motion for summary judgment filed by Benny and Latrasa Watts and Argent Mortgage Company, LLC. This case involves the issue of superiority of liens on real estate. Appellants bring two issues asserting the trial court erred (1) in denying their motion for summary judgment and granting appellees' motion because appellants have superior title to the property and (2) in

awarding appellees their attorney's fees. We reverse the trial court's award of attorney's fees and remand the cause to the trial court for further proceedings on that issue, and we otherwise affirm the trial court's judgment.

## BACKGROUND

This case concerns the parties' relative superiority of title to a residence in Grand Prairie. Except as otherwise noted, all of the transactions listed below were filed in the real property records of Dallas County.

Lillie Gonzalez purchased the property in 1996 with two loans: a loan of $58,225 from Long Beach Mortgage secured by a deed of trust, and a loan of $3445 from the seller, Richard Smith, secured by a deed of trust stating it was subordinate to the Long Beach deed of trust. Smith subsequently sold and assigned his note and deed of trust to HSH Corp.

On August 18, 1999, Gonzalez refinanced the Long Beach loan with a loan of $63,120 from Ameriquest. The deed of trust contained a "Renewal and Extension Exhibit" stating the transaction was in renewal and extension, and not extinguishment, of the 1996 Long Beach loan. On September 30, 1999, Ameriquest filed a release of lien applicable to the Long Beach deed of trust.

On September 25, 2000, Gonzalez obtained a Texas home equity extension of credit from Ameriquest for $71,200. The loan instruments did not contain any provision stating the loan was a renewal or an extension of the 1999 loan or providing that the 1999 loan would not be extinguished. On November 14, 2000, Ameriquest filed a "Release of Lien" specifically identifying the 1999 deed of trust and releasing it. This release of lien also stated, "Further, Holder hereby releases the property from all other liens held by Holder."

On October 8, 2003, Gonzalez obtained another Texas home equity extension of credit from Ameriquest for $86,400. On November 4, 2003, Ameriquest executed a release of the 2000 deed of trust.

Both the 2000 and the 2003 home equity deeds of trust contained a subrogation provision stating,

> Lender shall be subrogated to any and all rights, superior title, liens and equities owned or claimed by any owner or holder of any liens and debts outstanding immediately prior to execution hereof, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

Gonzalez defaulted on the $3445 note to Smith assigned to HSH, and HSH foreclosed on the property and purchased it at the substitute trustee's foreclosure sale on November 2, 2004. HSH sold the property to the Wattses on May 6, 2005. The Wattses borrowed $100,800 from Argent Mortgage Co., secured by a deed of trust, to pay HSH for the property.

On December 6, 2005, Ameriquest foreclosed on the 2003 home equity loan.

Attached to appellants' motion for summary judgment, but apparently not filed in the Dallas County real property records, are the "Settlement Statements" for the 2000 and 2003 home equity loans showing the disbursements of the proceeds from the two loans. The settlement statement for the 2000 home equity loan shows a disbursement of $64,913.16 to "Ameriquest Mortgage," and the settlement statement for the 2003 loan shows a disbursement of $72,174.59 for "PAYOFF 1ST LIEN AMERIQUEST MORTGAGE."

In February 2006, Ameriquest filed a forcible entry and detainer action against

the Wattses to evict them from the property. The Wattses then filed suit against appellants for trespass to try title, action to quiet title, wrongful foreclosure, and declaratory judgment. Argent Mortgage Co. intervened to protect its lienholder interest.

## SUMMARY JUDGMENT

■ In their first issue, appellants assert the trial court erred in granting appellees' motion for summary judgment and denying appellants' because appellants have superior title to the property. The standard for reviewing a summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A party moving for summary judgment has the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 846 (Tex.2005). After the movant has established a right to summary judgment, the burden shifts to the nonmovant to present evidence creating a fact issue. *Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.,* 227 S.W.3d 876, 881 (Tex.App.-Dallas 2007, no pet.). When both parties move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005); *Ziemian v. TX Arlington Oaks Apartments, Ltd.,* 233 S.W.3d 548, 556 (Tex.App.-Dallas 2007, pet. struck).

## EQUITABLE SUBROGATION

■ Appellees moved for summary judgment on the ground that the Smith deed of trust was superior to appellants'

2003 deed of trust. "We recognize the well-established rule that following the valid foreclosure of a senior lien, junior liens, if not satisfied from the proceeds of sale, are extinguished." *Mays v. Bank One, N.A.,* 150 S.W.3d 897, 900 (Tex.App.-Dallas 2004, no pet.) (citing, *inter alia, Nat'l W. Life Ins. Co. v. Acreman,* 425 S.W.2d 815, 817 (Tex.1968)). In a contest over rights or interests in property, the party that is first in time is first in right. *World Help v. Leisure Lifestyles, Inc.,* 977 S.W.2d 662, 668 (Tex.App.-Fort Worth 1998, pet. denied).

■ In this case, the 1996 Smith deed of trust was expressly subordinate to the 1996 Long Beach deed of trust. Likewise, the Smith deed of trust was subordinate to the 1999 Ameriquest refinance deed of trust because it was a renewal and extension of the Long Beach deed of trust. However, the 1999 refinance deed of trust was expressly released after the creation of the 2000 Texas home equity deed of trust. The 1996 Smith deed of trust is first in time before the 2000 and 2003 home equity deeds of trust, and the summary judgment evidence shows no agreement to make the Smith deed of trust subordinate to the home equity deeds of trust.

Appellants argue the home equity deeds of trust, although later in time, are superior to the Smith deed of trust under doctrine of equitable subrogation. Appellants assert that equitable subrogation provides that a third party will succeed to the rights of the original lender when the third party satisfies the borrower's obligation to the original lender. *See Fleetwood v. Med. Ctr. Bank,* 786 S.W.2d 550, 554 (Tex.App.-Austin 1990, writ denied) (quoting *Sanger Bros. v. Ely & Walker Dry Goods Co.,* 207 S.W. 348, 349 (Tex.Civ.App.-Fort Worth 1918, writ ref'd)); *see also Murray v. Ca-*

*dle Co.,* 257 S.W.3d 291, 299 (Tex.App.-Dallas 2008, no pet. h.).

Appellants assert they had a valid first lien against the property under the 1999 refinance deed of trust and that the proceeds from the 2003 loan transaction were used to pay off the 2000 loan. Appellants then conclude that their title interest is superior to appellees. Appellants' analysis, fails to connect the 1999 refinance loan and the 2000 home equity loan. However, the settlement statements for the 2000 and 2003 home equity loans attached to appellants' motion for summary judgment show the bulk of the funds from both home equity loans were disbursed to Ameriquest Mortgage for slightly more than the amount of the 1999 refinance loan and the 2000 home equity extension of credit.

■■ Even if appellants raised a genuine issue of material fact on their claim of equitable title superior to the Smith deed of trust, appellees argue they are not subject to appellants' claim of title through equity because they are good faith purchasers for value with no notice of appellants' right of equitable subrogation. To qualify as a good faith purchaser, the party must demonstrate that the purchase was made (1) in good faith, (2) for valuable consideration, and (3) without actual or constructive knowledge of any outstanding claims of a third party. *Richards v. Suckle,* 871 S.W.2d 239, 242 (Tex.App.-Houston [14th Dist.] 1994, no writ) (citing *NRG Exploration, Inc. v. Rauch,* 671 S.W.2d 649, 653 (Tex.App.-Austin 1984, writ ref'd n.r.e.)). A party has constructive notice of instruments properly recorded in the proper county. Tex. Prop.Code Ann. § 13.002 (Vernon 2004). A party claiming title through principles of equity has the burden of proving that a subsequent assignee of legal title is not a good faith purchaser. *NRG Exploration, Inc.,* 671 S.W.2d at 653.

■ In this case, appellants do not contend appellees lacked good faith or failed to give valuable consideration. Instead, they assert appellees had actual or constructive knowledge of appellants' claim of superior title. We disagree. The summary judgment evidence of the documents on file in the county real estate records showed,

- Ameriquest's 1999 deed of trust was superior to the 1996 Smith deed of trust,
- in September 2000, Ameriquest took a deed of trust for a home equity extension of credit,
- in November 2000, Ameriquest expressly released the 1999 deed of trust and "release[d] the Property from all other liens held by Holder,"
- in October 2003, Ameriquest took a deed of trust for another home equity extension of credit,
- in November 2003, Ameriquest expressly released the 2000 deed of trust, and
- in 2004, HSH foreclosed on the Smith deed of trust extinguishing all inferior liens.

Nothing in the documents filed in the Dallas County real estate records indicates the debt secured by the 1999 deed of trust was paid with the proceeds of the 2000 and 2003 home equity extensions of credit. Instead, the records show the 1999 deed of trust was released in November 2000. When appellants' released the 1999 refinance deed of trust, the 1996 Smith deed of trust appeared to become the superior lien because the 2000 and 2003 deeds of trust were later in time and did not appear to relate to the 1999 refinance deed of trust. When HSH foreclosed on the Smith deed of trust, all liens inferior to the Smith deed of trust were extinguished. Nothing in the records gave appellees actual or constructive notice of appellants claim that

the 2003 deed of trust was not extinguished by the foreclosure of the Smith deed of trust or that equitable subrogation made the 2003 deed of trust superior to the Smith deed of trust.

Appellants argue,

The public record reflects that Ameriquest's 2003 lien *was* of record at the time of the Watts' purchase in May 2005. The Watts purchased the Property with full knowledge or constructive notice that Ameriquest's lien was valid and subsisting. They are now making an invalid and unsustainable conclusion based on their *interpretation* of the public records.

Appellants cite no authority for this argument. As discussed above, the records do not show the connection between the 1999 superior deed of trust and the 2000 and 2003 deeds of trust. The summary judgment evidence shows the Wattses purchased the property with full knowledge and constructive notice that the superior 1999 lien had been released, that nothing showed the 1996 Smith deed of trust did not become the superior lien, that the 2000 and 2003 deeds of trust were later in time and apparently inferior to the 1996 Smith deed of trust, and that the Smith deed of trust was foreclosed extinguishing all inferior liens. Nothing in the summary judgment evidence shows appellees were on notice of appellants' claim that equitable subrogation made the 2003 deed of trust a renewal of the 1999 deed of trust. As discussed above, "A bona fide purchaser will prevail over the holder of a prior equitable title." *NRG Exploration, Inc.*, 671 S.W.2d at 653.

Appellants also argue,

The 2003 loan to Mrs. Gonzalez was just a normal refinance transaction. The only thing different was that a release of lien was recorded concerning the prior lien instead of an assignment. Contrary to [Appellees'] assertion ..., title reviewers would not be misled in such a case. Competent title reviewers will see a 2003 deed of trust of record in an amount of $86,400.00 and no release of the instrument. Texas case law clearly holds in such a case that the subsequent lien holder is subrogated to the prior lien.

Appellants cite no authority for this argument, and no evidence in the record shows the views of "competent title reviewers" in this situation. Nor do appellants cite any case law applying equitable subrogation to facts similar to those before us. Contrary to appellants' argument, the records on file in county real estate records do not show "[t]he 2003 loan to Mrs. Gonzalez was just a normal refinance document." The summary judgment evidence does not show that either the settlement statements or any other documents showing the use of the proceeds of the 2003 extension of credit was on file in the county real estate records. Instead, the real estate records show the superior 1999 Ameriquest deed of trust was released in 2000, which appeared to make the 1996 Smith deed of trust the superior existing lien, and the 2004 foreclosure of the 1996 Smith deed of trust extinguished the apparently inferior, later in time, 2000 and 2003 deeds of trust. We conclude appellees' lack of notice of appellants' claim of equitable subrogation does prevent appellants' claim of equitable subrogation from defeating appellees' claim of superior title to the property.

We hold the trial court did not err in granting appellees' motion for summary judgment quieting title in appellees and denying appellants' motion. We overrule appellants' first issue.

## ATTORNEY'S FEES

■ In the second issue, appellants contend the trial court erred in awarding ap-

pellees' attorney's fees because their causes of action do not support an award of attorney's fees. In Texas, attorney's fees may not be recovered from an opposing party unless such recovery is provided for by statute or by contract between the parties. *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 593 (Tex.1996); *Lopez v. Vehicle Removal Corp.*, 225 S.W.3d 891, 894 (Tex.App.-Dallas 2007, pet. denied). Appellees brought causes of action to quiet title, trespass to try title, wrongful foreclosure, and declaratory judgment. In their motion for summary judgment, appellees requested an award of attorney's fees under their declaratory judgment cause of action. The trial court's granting of appellees' motion for summary judgment awarded appellees their attorney's fees.

■ Appellees assert appellants have not preserved for appellate review the issue of appellees' entitlement to attorney's fees because appellants did not raise this issue in the trial court. Appellees' moved for attorney's fees as part of their motion for summary judgment. When the nonmovant does not respond in the trial court to a ground for summary judgment, the nonmovant is limited on appeal to arguing on appeal that the ground for summary judgment is legally insufficient. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). In this case, appellants' argument is that appellees never established as a matter of law their right to recover attorney's fees. Accordingly, they are not barred from asserting this issue on appeal.

■ Appellees argue they are entitled to recover attorney's fees under Texas Civil Practice and Remedies Code section 37.009 as part of their cause of action for declaratory judgment. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (Vernon 1997) ("In any proceeding under this chapter,

the court may award costs and reasonable and necessary attorney's fees as are equitable and just."). " 'A declaratory judgment action may not be used solely to obtain attorney's fees that are not otherwise authorized by statute or to settle disputes already pending before a court.' 'Attorney's fees are not available in a suit to quiet title or to remove cloud on title.' " *Sani v. Powell*, 153 S.W.3d 736, 745 (Tex. App.-Dallas 2005, pet. denied) (quoting *Sw. Guar. Trust Co. v. Hardy Road 13.4 Joint Venture*, 981 S.W.2d 951, 956–57 (Tex. App.-Houston [1st Dist.] 1998, pet. denied)) (citation omitted). "Any suit that involves a dispute over the title to land is, in effect, an action in trespass to try title, whatever its form." *Id.* (quoting *Hawk v. E.K. Arledge, Inc.*, 107 S.W.3d 79, 84 (Tex. App.-Eastland 2003, pet. denied)).

■ In *Sani*, this Court held a party may not recover attorney's fees under section 37.009 when the only issues, aside from attorney's fees, concern clearing title or trespass to try title. *Id.* at 745–46. In this case, appellees' only issues, aside from attorney's fees, involve establishing the superiority of their title and clearing the title. Accordingly, following *Sani*, we conclude appellees did not establish their entitlement to attorney's fees as a matter of law, and the trial court erred in granting appellees' motion for summary judgment as to their attorney's fees. We sustain appellants' second issue.

## CONCLUSION

We reverse the trial court's judgment to the extent it awards appellees their attorney's fees, and we remand the cause to the trial court for further proceedings on that issue. In all other respects, we affirm the trial court's judgment.