**Affirm and Opinion Filed March 17, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-20-00573-CV**

_____

**ARIDAMAN SINGH, Appellant**
**V.**
**SHAWN MOEENUDDIN AND NWOREN MOEENUDDIN, Appellees**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-05612-2019**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Garcia
Opinion by Justice Myers

This case concerns whether a vendor's lien existed on the sale of a house and,

if so, whether the purchasers of the house at a subsequent foreclosure sale, appellees

Shawn Moeenuddin and Nworen Moeenuddin, were subject to the vendor's lien.

Aridaman Singh brings four issues on appeal contending the trial court erred by

denying his motion for summary judgment seeking foreclosure of his vendor's lien

and granting appellees' motion for summary judgment seeking dismissal of Singh's

claims. We affirm the trial court's judgment.

## BACKGROUND

On October 26, 2018, Singh signed a "General Warranty Deed" transferring the house to 33 Inc. The deed recited that the consideration for the transaction was "Cash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." The deed made no mention of a vendor's lien.

Four days later, on October 30, 2018, 33 Inc. signed a deed of trust in favor of Singh (Singh deed of trust) securing a $179,000 note for a loan from Singh to 33 Inc. The deed of trust said the note was dated October 30, 2018. The deed of trust stated, "the debt is secured by this deed of trust and by a vendor's lien on the property, which is expressly retained in a deed to Grantor of even date." The deed of trust also stated it was "subordinate to the superior lien securing" the $245,000 note "executed by 33 Inc. [sic] payable to the order of M.R. Cavenee Ltd."

That same day, October 30, 2018, 33 Inc. executed a "Warranty Deed with Vendor's Lien" transferring the property to We Are Homehunters, LLC. That deed stated the consideration was cash and a note for $245,000 payable to M.R. Cavenee Ltd. That deed also stated, "The note is secured by a first and superior vendor's lien and superior title retained in this deed in favor of M.R. Cavenee Ltd." We Are Homehunters executed a deed of trust in favor of M.R. Cavenee Ltd. (Cavenee deed of trust) stating, "the debt is secured by this deed of trust and by a vendor's lien on the property, which is expressly retained in a deed to Grantor of even date."

All of the above deeds and deeds of trust were recorded by January 22, 2019.

–2–

On May 7, 2019, the Cavenee deed of trust was foreclosed. Appellees purchased the property at the foreclosure sale for $264,000.

On October 7, 2019, Singh sued appellees asserting he had a vendor's lien on the property securing the $179,000 note from 33 Inc. He prayed for judicial foreclosure of the vendor's lien. Appellees filed a counterclaim seeking a declaratory judgment that the Cavenee deed of trust was superior to Singh's vendor's lien and that Singh's vendor's lien was extinguished by the foreclosure of the Cavenee deed of trust. Appellees also alleged they were bona fide purchasers who took fee simple title to the property free of any lien, claim, or encumbrance, including Singh's claim of a vendor's lien.

Both sides moved for summary judgment. The trial court granted appellees' motion for summary judgment, denied Singh's, and ordered that "all attorneys' fees and costs are taxed against the party incurring the same."

## SUMMARY JUDGMENT

Singh contends the trial court erred by granting appellees' motion for summary judgment and by denying his motion for summary judgment.

### Standard of Review

The standard for reviewing a traditional summary judgment is well established. *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 825 (Tex. App.— Dallas 2010, no pet.). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R.

–3–

Civ. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

When, as here, both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *Guynes v. Galveston Cty.*, 861 S.W.2d 861, 862 (Tex. 1993); *Howard v. INA Cty. Mut. Ins. Co.*, 933 S.W.2d 212, 216 (Tex. App.—Dallas 1996, writ denied). Neither party can prevail because of the other's failure to discharge its burden. *Howard*, 933 S.W.2d at 216. When both parties move for summary judgment, we consider all the evidence accompanying both motions in determining whether to grant either party's motion. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000). When the trial court grants one motion and denies the other, the reviewing court should determine all questions presented. *Id.* The reviewing court should render the judgment that the trial court should have rendered. *Id.* When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing

court must affirm the summary judgment if any of the summary judgment grounds are meritorious. *Id.*

## Vendor's liens

There are two types of vendor's liens on real estate: express and equitable. An express vendor's lien is created when the deed conveying the property expressly reserves a lien for the purchase price. *See State v. Forest Lawn Lot Owners Ass'n*, 254 S.W.2d 87, 91 (Tex. 1953). The express vendor's lien is a creature of contract. *Bond v. Bumpass*, 100 S.W. 1047, 1050 (Tex. App.—Dallas 1936), *aff'd*, 114 S.W. 1172 (Tex. 1938).

An equitable vendor's lien arises when no express lien is reserved in a deed and the purchase money is not paid. In that situation, a lien arises by implication in favor of the vendor to secure payment of the purchase money. *McGoodwin v. McGoodwin*, 671 S.W.2d 880, 882 (Tex. 1984). The equitable vendor's lien is not dependent on a reservation in the deed. *See Bond*, 100 S.W.2d at 1050.

## Bona Fide Purchaser

A bona fide purchaser is one who buys property in good faith for valuable consideration and without actual or constructive notice of any outstanding claims of a third party. *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001); *AMC Mortg. Servs., Inc. v. Watts*, 260 S.W.3d 582, 586 (Tex. App.—Dallas 2008, no pet.). A bona fide purchaser acquires a property interest without being subject to prior claims. *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 769 (Tex. 1983).

Notice may be actual or constructive. Actual notice is based on personal information or knowledge; constructive notice is notice the law imputes to a person not having personal information or knowledge. *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001). A party has constructive notice of instruments properly recorded in the proper county. *AMC Mortg. Servs.*, 260 S.W.3d at 586; *see* TEX. PROP. CODE ANN. § 13.002. This constructive notice applies equally to a grantor who signs a deed. *Cosgrove v. Cade*, 468 S.W.3d 32, 34–35 (Tex. 2015) ("A grantor who signs an unambiguous deed is presumed to have immediate knowledge of material omissions.").

A party claiming title through principles of equity has the burden of proving that a subsequent assignee of legal title is not a good faith purchaser. *AMC Mortg. Servs.*, 260 S.W.3d at 586. Otherwise, "[s]tatus as a bona fide purchaser is an affirmative defense to a title dispute." *Madison*, 39 S.W.3d 604, 606. Constructive notice "is a legal presumption not to be controverted." *Bank of Am. v. Babu¸*340 S.W.3d 917, 923 (Tex. App.—Dallas 2011, pet. denied) (quoting *Univ. State Bank v. Gifford-Hill Concrete Corp.*, 431 S.W.2d 561, 571 (Tex. App.—Fort Worth 1968, writ ref'd n.r.e.)).

# ANALYSIS

In this case, the parties do not dispute that Singh's deed of trust was extinguished by the foreclosure of the Cavenee deed of trust.[1] The parties also do not dispute that appellees purchased the home for value at the foreclosure sale. The only questions are whether Singh had an express or equitable vendor's lien and whether appellees had actual or constructive notice of the lien.

## Express Vendor's Lien

Singh claims to have an express vendor's lien due to this language in his deed of trust:

> The debt evidenced by the Note is in part payment of the purchase price of the Property; *the debt is secured both by this deed of trust and by a vendor's lien on the Property, which is expressly retained in a deed to Grantor of even date.* The deed of trust does not waive the vendor's lien, and the two liens and the rights created by this deed of trust are cumulative. Lenders may elect to foreclose either of the liens without waiving the other or may foreclose both.

(emphasis added) This language recites that the "deed to [33 Inc.] of even date," October 30, 2018, created an express vendor's lien. There are two problems with this assertion: first, no deed from Singh in the record recites creation of an express

---

[1] Both Singh's and Cavenee's deeds of trust were signed the same day, and neither was filed in the real estate records before the other was signed. The parties appear to agree that a provision in Singh's deed of trust makes it subordinate to Cavenee's:

> This Deed of Trust is subordinate to the superior lien securing another note in the original principal amount of [$245,000], dated _____, 2018, and executed by 33 Inc., payable to the order of M.R. Cavenee LTD, and described in a deed of trust recorded in the real property records of Collin County.

However, the Cavenee deed of trust was executed by We Are Home Hunters, LLC, not 33 Inc. Singh does not assert, and we do not consider, whether this discrepancy affects the superiority of the Cavenee deed of trust over the Singh deed of trust.

vendor's lien or "expressly retained" a vendor's lien; and second, there is no deed to the deed of trust grantor, 33 Inc., "of even date," that is, October 30, 2018.

Singh asserts that an express vendor's lien may be created in a deed of trust. For purposes of this opinion, we do not disagree with that assertion. However, if a deed of trust can create an express vendor's lien, it must purport to do so. Singh's deed of trust referred to another document, the "deed to Grantor of even date," as having expressly retained a vendor's lien, but Singh's deed of trust did not purport to create an express vendor's lien.

We conclude Singh has not presented any evidence of an express vendor's lien in this case.

### Equitable Vendor's Lien

Next, we determine whether Singh proved he had an equitable vendor's lien. Singh had an equitable vendor's lien if no express lien was reserved in the deed and the purchase price was not paid. *McGoodwin*, 671 S.W.2d at 882. In this case, no express lien was reserved in the deed, and Singh stated in his summary judgment affidavit that "[t]he $179,000 Purchase Money Note is due and unpaid." Appellees do not dispute that Singh did not receive the purchase price when he deeded the property to 33 Inc. Therefore, an implied, equitable vendor's lien arose, at least for the time between Singh deeding the property to 33 Inc. on October 26, 2018, and 33 Inc.'s execution of a deed of trust securing the loan on October 30, 2018.

–8–

**Notice**

Finally, we must determine whether appellees had notice of the equitable vendor's lien. Singh does not assert that appellees had actual notice of the lien, but he argues they had constructive notice.

Appellees did not have constructive notice through the filing of the lien because an equitable lien is one that arises as a matter of law from the circumstances; it is not generally filed of record in the real property records. No evidence in this case shows Singh filed a document in the property records evidencing the existence of the equitable vendor's lien. Singh's deed of trust mentioned the creation of an express vendor's lien in another deed, the "vendor's lien on the Property, which is expressly retained in a deed to Grantor of even date," but neither the Singh deed of trust nor any other document filed in the property records mentioned an equitable vendor's lien.

Singh argues the deed of trust put appellees on inquiry notice of the existence of the equitable vendor's lien. "It is well settled that a purchaser is bound by every recital, reference and reservation contained in or fairly disclosed by an instrument which forms an essential link in the chain of title under which he claims." *Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 908 (Tex.1982) (internal quotation marks removed).

> The rationale of this rule is that *any* description, recital of fact, or reference to other documents in an instrument puts the purchaser upon inquiry, and he is bound to follow up this inquiry, step by step, from one discovery to another and from one instrument to another, until the

> whole series of title deeds is exhausted and a complete knowledge of all the matters referred to and affecting the estate is obtained.

*Id.* (quoting *Loomis v. Cobb*, 159 S.W. 305, 307 (Tex. App.—El Paso 1913, writ ref'd)). Singh's deed of trust put appellees on notice of the possible existence of an express vendor's lien in the warranty deed "of even date." If appellees followed up this inquiry through all the documents, they would not have found a deed retaining an express vendor's lien in Singh's favor because none existed. Likewise, none of the documents filed in the property records stated that an equitable vendor's lien burdens the property. Nor did any of the documents put appellees on inquiry notice that there might be an implied vendor's lien.

Although not mentioned by the parties, the law provides that when a seller takes a security, such as a deed of trust, to secure the loan of the purchase price of the property, there is a presumption that no equitable vendor's lien was intended and that the seller intended to waive the equitable vendor's lien. *See Zapata v. Torres*, 464 S.W.2d 926, 930 (Tex. 1971) ("where the vendor takes a mortgage on the land sold or on other property to secure part of the purchase money, he is presumed to have waived his equitable lien in the absence of affirmative evidence that he intended to retain it, since it is reasonable to suppose that where the parties specify the security by express agreement, they must have intended to exclude an implied lien."). Nothing in the property records showed Singh intended to retain the equitable vendor's lien when the deed of trust was executed. The deed of trust says the nonexistent express vendor's lien was cumulative with the deed of trust, but the deed

of trust does not mention that an equitable vendor's lien existed or that it was intended to be cumulative with the deed of trust. Thus, when appellees found Singh's deed of trust securing the note, they could presume that there was no equitable vendor's lien absent any evidence in the property records that Singh intended to keep the equitable vendor's lien. *See id.*

The Texas Practice volume on Marital Property and Homesteads observed: "those vendors who hold implied vendor's liens run the risk of having their liens cut off by the sale of the land to a bona fide purchaser because their liens on the property are not recordable, and therefore, there is no constructive notice to an innocent purchaser." 39 Aloysius A. Leopold, *Texas Practice: Marital Property & Homesteads* § 27.7. That is what happened in this case. The equitable vendor's lien was not mentioned in the real property records, so appellees had no notice of it. Also, the existence of the deed of trust securing the loan put appellees on notice that Singh did not intend to retain an equitable vendor's lien. *See Zapata*, 464 S.W.2d at 930.

Singh cites the case of *Disanti v. Wachovia Bank, N.A.*, No. 2-08-330-CV, 2009 WL 1372970 (Tex. App.—Fort Worth May 14, 2009, pet. denied). That case concerned the filing in the wrong county of a deed creating an express vendor's lien and a deed of trust. Lee and Young purchased a home in Denton County with money loaned by Argent Mortgage Co. *Id.* at *1. The deed created an express vendor's lien for Argent's benefit, and the loan was also secured by a deed of trust. *Id.* The

deed and deed of trust were filed in Collin County when they should have been filed in Denton County. *Id.* The homeowner's association foreclosed on the home due to Lee and Young's failure to pay assessments, and DiSanti[2] purchased the home at the foreclosure sale. *Id.* Wachovia was Argent's assignee of the note, vendor's lien, and deed of trust, and it brought suit seeking a declaration that its interest was superior to DiSanti's interest. *Id.* The trial court granted Wachovia's motion for summary judgment, finding that Wachovia's lien was superior to and prior to DiSanti's Assessment Lien Trustee's Deed. *Id.* at *2. The court of appeals affirmed, stating that DiSanti had constructive notice that the deed and deed of trust were filed in Collin County because the assessment lien trustee's deed referred to Lee and Young's interest in the property "per Collin County land records." *Id.* at *4. This placed DiSanti on constructive notice as to the rights of Lee and Young. *Id.*

> Consequently, DiSanti was charged with constructive notice of Lee and Young's interests and, in turn, with notice of every reservation contained in the deed to Lee and Young. Because the deed to Lee and Young reserved a vendor's lien for the benefit of Argent, DiSanti was also charged with constructive notice of that prior and superior vendor's lien, which was ultimately assigned to Wachovia.

*Id.* *Disanti* is distinguishable because the documents in the property records in that case showed the existence of the express vendor's lien. In this case, however, there was no express vendor's lien, and the documents, including the substitute trustee's

---

[2] The style of the case is spelled "Disanti," but in its opinion, the court of appeals refers to the appellant as "DiSanti."

deed, did not provide appellees with notice of an equitable vendor's lien. Singh cites several other cases where the liens held to be enforceable were mentioned in documents filed in the property records; all of those cases are distinguishable because no document in this case mentions the implied, equitable vendor's lien.

Singh also cites *McGoodwin v. McGoodwin*, 671, S.W.2d 880 (Tex. 1984). In that case, a husband and wife divorced. The agreed divorce decree provided that a tract of land was husband's separate property but required him to pay Wife $22,500 for her interest in the property. *Id.* at 882. Husband did not pay the $22,500. Wife filed suit alleging she had an equitable vendor's lien and requesting foreclosure. The supreme court determined that Wife was entitled to foreclosure of her one-half interest in the property. *Id.* at 883. *McGoodwin* is distinguishable. Husband had actual notice of Wife's equitable vendor's lien and was a party to the agreed divorce decree that created the lien. In this case, however, appellees did not have constructive notice of the implied, equitable vendor's lien because no document filed in the property records mentioned it and appellees were not a party to Singh's transaction with 33 Inc. that caused the equitable vendor's lien to arise.

Singh cites *American Home Mortgage Corp. v. Morris*, which concerned whether an express vendor's lien was superior to a deed of trust, as noting "that a seller does not waive his rights under his vendor's lien by taking a deed of trust as additional security." *See Am. Home Mortg. Corp. v. Morris*, No. 3:07-CV-1907-N, 2010 WL 11545607, at *5 (N.D. Tex. Mar. 18, 2010). That statement in *American*

*Home Mortgage* was a parenthetical describing another case, *De Bruhl v. Maas*, 54 Tex. 464 (1881). *De Bruhl* involved contracts between a buyer and seller and did not involve a third-party purchaser as in the case before us. Four years after *De Bruhl*, the supreme court stated, "It is the settled law of this state that the taking of a distinct and independent security by a vendor of real estate, where it does not appear that he reposed as well upon his lien as upon such security, will be considered as a waiver of the vendor's lien." *Cresap v. Manor*, 63 Tex. 485, 486 (1885). The case before us, unlike *American Home Mortgage*, does not involve an express vendor's lien; instead it involves an equitable vendor's lien. As discussed above, appellees had no notice that the property was subject to an equitable vendor's lien. Therefore, they were not subject to it. *See Liberto v. Sanders*, 259 S.W. 1080, 1081 (Tex. Comm'n App. 1924, holding approved) ("This equitable lien may be enforced against the original party, or against third parties who have acquired the land with notice of the lien.").

Singh also cites *Bank of America v. Babu*, 340 S.W.3d 917 (Tex. App.—Dallas 2011, pet. denied), which involved foreclosure of an express vendor's lien. Singh cites *Babu* to support his assertion that appellees were not good faith purchasers because they were on notice of Singh's vendor's lien and the property records did not show a release of the lien. In *Babu*, an assignment of rights under a deed of trust was filed in the property records before a foreclosure sale. *Id.* at 923. This Court determined that the purchasers at the foreclosure sale had constructive

–14–

notice of the assigned rights under an express vendor's lien, and no release of the assigned express vendor's lien was on record at the time of the foreclosure sale. *Id.* at 924. We concluded that the purchasers had constructive notice of the unreleased lien rights and therefore could not claim the status of good faith purchasers. *Id.* at 924–25. In this case, however, appellees had no notice of the existence of either an express vendor's lien or an equitable vendor's lien. Therefore, the fact that the property records did not contain a release of such a lien is irrelevant.

Instead, this case is closer to the case distinguished in *Babu*, *AMC Mortgage Services, Inc. v. Watts*, 260 S.W.3d 582 (Tex. App.—Dallas 2008, no pet.). *Watts* concerned whether a lender was entitled to equitable subrogation. In *Watts*, Smith sold real property to Gonzales. Gonzales paid for the property in 1996 with two loans secured by separate deeds of trust. The larger loan was from Long Beach Mortgage, and the second and smaller loan was from Smith. Smith's deed of trust stated it was subordinate to Long Beach's. Three years later, in 1999, Gonzales refinanced the Long Beach loan with a loan from Ameriquest. The 1999 deed of trust from Ameriquest stated its loan was in renewal and extension of the Long Beach loan. Ameriquest filed a release of the Long Beach deed of trust. The next year, in 2000, Gonzales obtained a home-equity loan from Ameriquest. Ameriquest filed a "Release of Lien" releasing the 1999 loan. The loan documents in the property records associated with the 2000 home-equity loan did not state that it was a renewal and extension of the 1999 loan, nor did the records indicate that the 1999

–15–

lien was not extinguished. Gonzales obtained another home-equity loan from Ameriquest in 2003. Meanwhile, Smith, the seller in 1996, assigned his loan and deed of trust to HSH. In 2004, Gonzales defaulted on the 1996 Smith note, HSH foreclosed, and the Wattses purchased the property. In 2005, Ameriquest foreclosed on the 2003 home-equity loan, and Ameriquest purchased the property at the sale. *Id.* at 584. Ameriquest then sought to evict the Wattses. The Wattses and their lender brought suit to protect their interests. *Id.* at 585. Ameriquest argued it was entitled to equitable subrogation because the settlement statements from the 2000 and 2003 home-equity loans showed the funds disbursed from those loans were slightly more than the amount of the 1999 refinance and the 2000 home-equity loan. We concluded that even if the settlement statements raised a genuine issue of material fact as to whether Ameriquest was entitled to equitable subrogation, the evidence did not show the Wattses had constructive notice that the 2000 and 2003 home equity loans were used to pay the 1999 refinance loan. Thus, under the real property records, when Ameriquest released the 1999 deed of trust, Smith's 1996 lien became the superior lien because Ameriquest's 2000 and 2003 liens were later in time and did not appear to be connected to the 1999 released lien. When HSH foreclosed the 1996 lien, it extinguished Ameriquest's 2003 lien. *Id.* at 586. As we said in *Watts*, "Nothing in the records gave [the Wattses] actual or constructive notice of [Ameriquest's] claim that the 2003 deed of trust was not extinguished by the foreclosure of the Smith deed of trust or that equitable subrogation made the

–16–

2003 deed of trust superior to the Smith deed of trust." *Id.* at 586–87. In this case, nothing in the records gave appellees notice that Singh had an equitable vendor's lien. As we stated in *Watts*, "A bona fide purchaser will prevail over the holder of a prior equitable title." *Id.* at 587 (quoting *NRG Expl., Inc. v. Rauch*, 671 S.W.2d 649, 653 (Tex. App.—Austin 1984, writ ref'd n.r.e.)).

We conclude the trial court did not err by granting appellees' motion for summary judgment and denying Singh's. We overrule Singh's issues.

## CONCLUSION

We affirm the trial court's judgment.[3]

/Lana Myers//
LANA MYERS
200573f.p05                                          JUSTICE

---

[3] Appellees request that we reverse the trial court's order "that all attorneys' fees and costs of court are taxed against the party incurring them," and they ask that we award them "such reasonable and necessary attorneys' fees as are equitable and just in the amount of $11,280.54." Appellees did not file a notice of appeal. Rule of Appellate Procedure 25.1(c) provides, "*Who Must File Notice.* A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. . . . The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause." TEX. R. APP. P. 25.1(c). Appellees seek to alter the trial court's judgment. Therefore, to raise the issue on appeal, they had to file a notice of appeal or show just cause for not filing a notice of appeal. *See id.* Because they did not file a notice of appeal or show just cause, we do not have jurisdiction to address appellees' request. *See Ugwa v. Ugwa*, No. 05-16-01116-CV, 2018 WL 2715405, at *2 (Tex. App.—Dallas June 6, 2018, no pet.); *see also Thomas v. Wm. Charles Bundren & Assocs. Law Group PLLC*¸ No. 05-20-00632-CV, 2021 WL 3159795, at *8 (because appellee did not file notice of appeal or show just cause, appellee waived its argument that trial court erred by not awarding attorney's fees to appellee).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ARIDAMAN SINGH, Appellant

No. 05-20-00573-CV     V.

SHAWN MOEENUDDIN AND
NWOREN MOEENUDDIN,
Appellees

On Appeal from the 429th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 429-05612-
2019.
Opinion delivered by Justice Myers.
Justices Molberg and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees SHAWN MOEENUDDIN AND NWOREN MOEENUDDIN recover their costs of this appeal from appellant ARIDAMAN SINGH.

Judgment entered this 17th day of March, 2022.